*E-Filed: January 6, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAREED SEPEHRY-FARD,<br><br>        Plaintiff,<br>  v.<br><br>GREENPOINT MORTGAGE FUNDING, INC., ET AL.,<br><br>        Defendants. | No. C13-04535-EJD (HRL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY AND RELATED DISCOVERY REQUESTS**<br><br>**[Re: Docket Nos. 54, 55, 56, 73]** |

      Plaintiff Fareed Sepehry-Fard sues defendants for quiet title. Defendants have filed motions to dismiss, which will be heard by the presiding judge on April 4, 2014. Plaintiff has filed various ex parte motions, including motions to compel, to disqualify counsel, and to disqualify the presiding judge. Plaintiff now moves for expedited discovery (Dkt. 54), including requests for production (Dkt. 55), requests for admission (Dkt. 56), and interrogatories (Amended discovery requests, Dkt. 58). Defendants oppose the motion for expedited discovery and related discovery requests (Dkts. 61, 63). The presiding judge referred these matters to the undersigned (Dkt. 57). Plaintiff recently filed an additional motion to compel (Dkt. 73) in which he renews his previous discovery requests. The parties have not yet held a Rule 26(f) conference. As discussed below, Plaintiff's motions are denied.

      A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), unless authorized by the Federal Rules of Civil Procedure, by stipulation, or by court order. Fed. R. Civ. P. 26(d)(1). Courts within the Ninth Circuit generally use a "good

cause" standard to determine whether to permit such discovery. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd.*, No. 11–CV–01846 LHK, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

Plaintiff argues that expedited discovery is necessary because Bank of America (of which defendant ReconTrust is a wholly-owned subsidiary) has threatened foreclosure, Plaintiff plans to seek a preliminary injunction imposing a constructive trust on the assets and certain allegedly fraudulent revenues of the defendants, and defendants are likely to destroy evidence. Defendants assert that Plaintiff has failed to demonstrate good cause as no notice of default or trustee's sale has been recorded on the property, there is no indication that evidence will be destroyed absent expedited discovery, and in any event the requested discovery is overbroad and irrelevant. Moreover, they allege that allowing expedited discovery would prejudice them because it would result in heightened litigation costs. While defendants' bare assertions of heightened litigation costs do not sufficiently demonstrate prejudice, neither has the plaintiff met his burden of demonstrating a need for expedited discovery. Plaintiff has provided no credible basis for believing that defendants will destroy evidence or that the requested discovery would support a preliminary injunction for relief as extreme as a constructive trust on all the assets of the defendants. Accordingly, Plaintiff's motion for expedited discovery and related discovery requests are denied, and discovery shall not commence until the parties' hold their Rule 26(f) conference. Thereafter, in the event discovery disputes arise, the parties shall comply with the undersigned's Standing Order re: Civil Discovery Disputes.

**IT IS SO ORDERED.**

Dated: January 3, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

**C13-04535 Notice will be electronically mailed to:**

Andrew Alexander Wood     aaw@severson.com, sg@severson.com

Helen Dan-Hwei Hsueh     helen.hsueh@kyl.com, anthony.levintow@kyl.com

Philip Alan McLeod     philip.mcleod@kyl.com, maricel.schilt@kyl.com

**C13-04535 Notice will be mailed to:**

Fareed Sepehry-Fard
12309 Saratoga Creek Drive
Saratoga, CA 95070

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**