*E-Filed: March 11, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAREED SEPEHRY-FARD, | No. C13-04535-EJD (HRL) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO COMPEL** |
| v. | |
| GREENPOINT MORTGAGE FUNDING, INC., ET AL., | **[Re: Docket No. 93]** |
| Defendants. | |

Plaintiff Fareed Sepehry-Fard sues defendants for quiet title. The undersigned previously denied Plaintiff's motion for expedited discovery and ordered that discovery shall not commence until the parties have held their Rule 26(f) conference. *See* Dkt. 75. The order further required that "in the event discovery disputes arise, the parties shall comply with the undersigned's Standing Order re: Civil Discovery Disputes." *Id.* The parties held their Rule 26(f) conference on January 10, 2014, and Plaintiff served discovery requests the next day. On February 14, Plaintiff filed the instant "Motion for Leave of Court to Compel Answers to Interrogatories and Request for Production." *See* Dkt. 93. Defendant California Reconveyance Company ("CRC") opposed the motion. *See* Dkt. 107. The remaining defendants did not respond. The matter is deemed suitable for determination without oral argument, and the March 18, 2014, hearing is vacated. *See* Civil L.R. 7-1(b). Upon consideration of the moving and responding papers, the motion is DENIED.

Plaintiff argues that the court should issue an order compelling defendants to respond to his discovery requests because they failed to do so by the February 13, 2014, deadline, and he has in good faith attempted to meet and confer with the defendants in an effort to obtain the discovery without court intervention. However, despite his assertion that defendants did not respond to his requests, in his concurrently filed "Addendum," he attaches responses received from all the defendants except for CRC. He clarifies that, although these defendants did actually respond, they provided mere "boiler plate 'responses'" meant to fraudulently evade discovery. Several days later, Plaintiff filed a "Second Addendum" in which he attaches CRC's responses and similarly objects to their inadequacy.

In its opposition, CRC asserts that it responded to Plaintiff's requests for discovery in four parts, three of which were timely served; however, due to clerical error, the fourth part was not served until March 3, 2014. Additionally, despite his declaration otherwise, Plaintiff did not, in fact, attempt to meet and confer with CRC in an effort to resolve any of the purported inadequacies of their discovery responses prior to seeking judicial intervention as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure, Civil Local Rule 37-1(a), and the undersigned's Standing Order re: Civil Discovery Disputes ("Standing Order").

The Standing Order generally provides that parties may seek judicial intervention only after an in-person meeting between lead counsel fails to resolve the discovery dispute, in which case the parties shall file a *Discovery Dispute Joint Report*. "Absent leave of court, formal noticed discovery motions may no longer be filed and, if filed contrary to this order, will not be heard."

Although not entirely clear, it appears that Plaintiff is not directly moving for an order to compel, which would violate the Standing Order, but is seeking leave of court to file a motion to compel despite the Standing Order. So construed, the motion is denied. The court doubts Plaintiffs' assertion that he made a good faith attempt to resolve the dispute prior to seeking court intervention given the immediacy with which he filed the motion, and he has otherwise failed to demonstrate any cause for departing from the court's customary procedures. If Plaintiff disputes the adequacy of defendants' discovery responses, he must scrupulously adhere to the requirements set forth in the

1  Standing Order.  The Court cautions Plaintiff that future attempts to circumvent the Standing Order
2  will be summarily denied.
3  **IT IS SO ORDERED.**
4  Dated: March 11, 2014



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C13-04535 Notice will be electronically mailed to:**

Andrew Alexander Wood     aaw@severson.com, jwg@severson.com, sg@severson.com

Anne Pellegrom Daher     annie.daher@kyl.com

Helen Dan-Hwei Hsueh     helen.hsueh@kyl.com, anthony.levintow@kyl.com

Joseph W. Guzzetta     jwg@severson.com, ipk@severson.com, jc@severson.com

Philip Alan McLeod     philip.mcleod@kyl.com, maricel.schilt@kyl.com

**C13-04535 Notice will be mailed to:**

Fareed Sepehry-Fard
12309 Saratoga Creek Drive
Saratoga, CA 95070

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**