**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT
8               FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                             SAN JOSE DIVISION
10   FAREED SEPEHRY-FARD,                    CASE NO. 5:13-cv-04535 EJD
11                                           **ORDER TO SHOW CAUSE**
              Plaintiff(s),
12        v.
13   GREENPOINT MORTGAGE FUNDING,
     INC., et. al.,
14
15                Defendant(s).
16   _____/

17        On October 1, 2013, Plaintiff Fareed Sepehry-Fard ("Plaintiff") filed directly in this court a

18   Complaint asserting one cause of action for quiet title under California law against a series of

19   Defendants: Greenpoint Mortgage Funding, Inc., ReconTrust Company, N.A., U.S. Bank National

20   Association, California Reconveyance Company, Marin Conveyancing Corp., and Mortgage

21   Electronic Registration Systems, Inc. (collectively, "Defendants").  See Compl., Docket Item No. 1.

22   Plaintiff alleges the existence of federal jurisdiction under both 28 U.S.C. § 1331 and 1332.  Id. at ¶¶

23   2, 3.  As is its obligation, the court has reviewed the Complaint and has determined Plaintiff's

24   allegations are insufficient to support either the existence of a federal question or diversity of

25   citizenship.[1]  Accordingly, the court issues the instant Order to Show Cause to clarify the issue.

26   _____

27        [1] "[F]ederal courts have a continuing, independent obligation to determine whether subject
     matter jurisdiction exists." Mashiri v. Dep't of Educ., 724 F.3d 1028, 1031 (9th Cir. 2013) (per
28   curiam).  For this reason, "a court may raise the question of subject matter jurisdiction, sua sponte, at
     any time during the pendency of the action, even on appeal." Snell v. Cleveland, Inc., 316 F.3d 822,

                                              1
     Case No. 5:13-cv-04535 EJD
     ORDER TO SHOW CAUSE

United States District Court
For the Northern District of California

1    "Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co of

2    America, 511 U.S. 375, 377 (1994).  Federal jurisdiction can generally arise in two ways: (1) from

3    the presence of a federal question, or (2) from diversity of the parties.  See 28 U.S.C. §§ 1331, 1332.

4    For jurisdiction based on a federal question, the court looks to the face of a "well-pleaded

5    complaint" to determine whether a cause of action is created by federal law or whether the plaintiff's

6    right to relief necessarily depends on the resolution of a substantial question of federal law.

7    Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of

8    California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).  For diversity, federal

9    courts have original jurisdiction where (1) opposing parties are citizens of different states and (2) the

10   amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

11       Federal Rule of Civil Procedure 8 requires a federal plaintiff to include in the complaint "a

12   short and plain statement of the grounds for the court's jurisdiction."  This is because "[a] party

13   invoking the federal court's jurisdiction has the burden of proving the actual existence of subject

14   matter jurisdiction."  Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).  To that end,

15   "[u]nder the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law only

16   when the plaintiff's statement of his own cause of action shows that it is based upon federal law."

17   Vaden v. Discover Bank, 556 U.S. 49 (2009) (citing Louisville & Nashville R. Co. v. Mottley, 211

18   U.S. 149, 152 (1908) (internal quotations omitted)).  Factual allegations, and not labels, are

19   determinative of whether a cause of action actually presents a federal question.  See Labram v.

20   Havel, 43 F.3d 918, 920 (4th Cir. 1995).  Similarly, "a party seeking to invoke diversity jurisdiction

21   should be able to allege affirmatively the actual citizenship of the relevant parties" in order to

22   confirm that all parties are diverse.  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir.

23   2001).

24       Here, Plaintiff's jurisdictional allegations are problematic.  As to federal question

25   jurisdiction, Plaintiff relies on two federal statutes.  He first contends the Complaint contains

26   violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq.

27

28   826 (9th Cir. 2002).

2

United States District Court
For the Northern District of California

1   However, no such cause of action is actually asserted by Plaintiff and the factual allegations

2   themselves do not support a cause of action under the FDCPA.[2]  Nor is it likely that Plaintiff could

3   assert one under these circumstances.[3]  As such, the FDCPA does not confer federal question

4   jurisdiction over this case based on the Complaint.

5          Nor it is possible for Plaintiff to rely solely on a claim under the Declaratory Judgment Act,

6   28 U.S.C. § 2201.  Aside from the fact that the Complaint does not assert a claim under that statute,

7   § 2201 does not itself support federal question jurisdiction; a plaintiff must identify another dispute

8   within the jurisdiction of the federal court to properly assert it.  See Am. Cas. Co. v. Krieger, 181

9   F.3d 1113, 1118 (9th Cir. 1999) (stating that cases seeking a declaratory judgment must be "within"

10  the jurisdiction of the district court, "i.e., there must be an independent basis for the court's

11  jurisdiction.").

12         Furthermore, diversity jurisdiction is not apparent from the Complaint.  Plaintiff neglected to

13  allege the domicile of any named party, including himself, even though he was required to do so.

14  See Fed. R. Civ. P. 8(a).  For individuals, "[a] person's domicile is her permanent home, where she

15  resides with the intention to remain or to which she intends to return.  See Kanter, 265 F.3d at 857.

16  For the corporate entities, 28 U.S.C. § 1332(c)(1) required Plaintiff to allege their states of

17  incorporation as well as their principal places of business.

18         But even if Plaintiff had alleged each party's domicile, the existence of diversity jurisdiction

19  is doubtful.  Considering the location of the property at issue, Plaintiff is presumably a California

20  domicile.  See Compl., at 2:8-14.  It also appears that both California Reconveyance Company and

21

---

22         [2] In order to state a claim under the FDCPA, a plaintiff must allege facts that establish the
following: (1) plaintiff has been the object of collection activity arising from a consumer debt; (2)
23  the defendant qualifies as a "debt collector" under the FDCPA; and (3) the defendant has engaged in
a prohibited act or has failed to perform a requirement imposed by the FDCPA.  See, e.g., Frazier v.
24  Absolute Collection Serv., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2010); McCorriston v. L.W.T.,
Inc., 536 F. Supp. 2d 1268, 1278 (M.D. Fla. 2008); Fenn v. CIR, Law Offices, No.
25  1:10-CV-01903-OWW-SMS, 2011 U.S. Dist. LEXIS 23141, at *5, 2011 WL 850131 (E.D. Cal.
Mar. 8, 2011).

26

27         [3] Under the FDCPA, a "debt collector" is either (1) "a person" the "principal purpose" of
whose business is the collection of debts; or (2) "a person" who "regularly" collects debts on behalf
28  of others.  See 15 U.S.C. § 1692a(6); see also Rispoli v. Bank of America, No. C11-362RAJ, 2011
U.S. Dist. LEXIS 85053, at *7, 2011 WL 3204725 (W.D. Wash. July 1, 2011) ("[A]s a matter of law
a 'debt collector' under the FDCPA cannot be a consumer's creditor.").

Case No. 5:13-cv-04535 EJD
ORDER TO SHOW CAUSE

1   Marin Conveyancing Corp. are California corporations based on information obtained from the

2   California Secretary of State.  Thus, complete diversity is presumptively non-existent.

3        Since federal jurisdiction does not arise based on the Complaint, the court orders Plaintiff to

4   show cause why this case should not be dismissed for lack of subject matter jurisdiction.  If Plaintiff

5   does not, **by April 7, 2014**, demonstrate in writing the basis for this court's subject matter

6   jurisdiction in a manner consistent with the discussion above, the court will dismiss this action

7   without prejudice so that Plaintiff may properly assert the claims in state court.  See Freeman v.

8   Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999).  To be clear, Plaintiff must do one of

9   the following, or both, in order to demonstrate sufficient good cause in response to this order:

10       1.   Explain how he has stated or attempt to state a claim under federal law by (1)

11            identifying the federal law at issue and (2) specifying the allegations in the Complaint

12            relevant to such a claim.  For example, if Plaintiff relies on the FDCPA, he must

13            specify the factual allegations that establish each of the three elements listed in

14            footnote 2.

15       2.   Specify his domicile as well as the domiciles for each defendant and show how

16            complete diversity exists.  For example, if Plaintiff is domiciled in California, then

17            Plaintiff must show that none of the defendants are incorporated in California or

18            maintain principal places of business in this state to establish diversity jurisdiction.

19        No hearing will be held on the Order to Show Cause unless ordered by the court. In light of

20   this order, the motion hearing scheduled for April 4, 2014, is VACATED and will be rescheduled if

21   necessary upon resolution of the jurisdictional question.

22   **IT IS SO ORDERED.**

23

24   Dated:  March 31, 2014

25                                          EDWARD J. DAVILA
                                           United States District Judge

26

27

28

4