IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAREED SEPEHRY-FARD, | CASE NO. 5:13-cv-04535 EJD |
| Plaintiff(s), | **ORDER DISMISSING CASE** |
| v. | |
| GREENPOINT MORTGAGE FUNDING, INC., et. al., | |
| Defendant(s). | |

On March 31, 2014, the court issued an Order to Show Cause ("OSC") requiring Plaintiff Fareed Sepehry-Fard ("Plaintiff") to demonstrate in writing why this action should not be dismissed for lack of subject matter jurisdiction. See Docket Item No. 132. As the court explained, the operative Complaint does not support federal question jurisdiction under 28 U.S.C. § 1331 because it does not contain a claim arising under federal law. Nor does it support diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and at least two named defendants - California Reconveyance Company and Marin Conveyancing Corp. - are each domiciled in California.

Plaintiff filed a two-part response to the OSC on April 7, 2014. See Docket Item Nos. 135, 136. Having carefully reviewed these documents, the court has determined Plaintiff did not demonstrate a basis for jurisdiction according to the court's detailed instructions. Indeed, as to federal question jurisdiction, the court required Plaintiff to explain how he stated a claim by identifying the federal law at issue and "specifying the allegations *in the Complaint* relevant to such a claim." But in his response, Plaintiff attempted to either insert new allegations and theories not previously alleged in the Complaint[1] or used his response as an opportunity to file an amended

---

[1] For example, Plaintiff has cited new federal laws in his OSC response, such as the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Telephone Consumer Protection Act, and 18 U.S.C. § 1961. None of these laws are asserted in the Complaint, either by name or by facts that would state a claim under any of them.

1  complaint. This filing falls outside the scope of the OSC because Plaintiff was required to specify
2  which allegations already asserted in the Complaint could state a federal claim. It is also violative of
3  Federal Rule of Civil Procedure 15(a)(2) to the extent Plaintiff intended to file an amended
4  complaint without authorization since the time for amending as of right has expired.

5  With regard to the two federal laws that were mentioned in the Complaint - the Fair Debt
6  Collections Practices Act and the Declaratory Judgment Act - nothing in Plaintiff's response
7  changes the court's prior conclusion that Plaintiff's claim does not actually arise under those
8  statutes.

9  For diversity jurisdiction, Plaintiff's OSC response confirms Plaintiff is domiciled in
10  California. See Docket Item No. 135, at ¶ 9. It also seems to confirm what the court previously
11  discovered: that California Reconveyance Company and Marin Conveyancing Corp. are also
12  domiciled in California for the purposes of jurisdiction. Id. at ¶¶ 13, 14.

13  Under these circumstances, Plaintiff has not met his burden to demonstrate a valid
14  jurisdictional basis. Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). The court therefore
15  lacks the ability to proceed further. Ex Parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L. Ed. 264
16  (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to
17  declare the law, and when it ceases to exist, the only function remaining to the court is that of
18  announcing the fact and dismissing the cause."). Accordingly, this action is DISMISSED
19  WITHOUT PREJUDICE. See Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir.
20  1999). All pending matters are terminated and the Clerk shall close this file.[2]

21  **IT IS SO ORDERED.**

23  Dated: April 8, 2014

EDWARD J. DAVILA
United States District Judge

---

[2] Several defendants request the court retain limited jurisdiction in order to hear a motion for sanctions against Plaintiff. While the court recognizes defendants' concerns, the request to retain jurisdiction is declined.