United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAREED SEPEHRY-FARD, | CASE NO. 5:13-cv-04535 EJD |
| Plaintiff(s), | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| v. | |
| GREENPOINT MORTGAGE FUNDING, INC., et. al., | [Docket Item No(s). 141] |
| Defendant(s). | |

On April 8, 2014, this action was dismissed without prejudice for lack of subject matter jurisdiction because the Complaint filed by Plaintiff Fareed Sepehry-Fard ("Plaintiff") contained neither a federal question nor satisfied the requirements of diversity jurisdiction. See Docket Item No. 137.  Presently before the court is Plaintiff's Motion for Reconsideration of the dismissal order. See Docket Item No. 141.  This motion fails for a number of reasons.

First, it is procedurally improper.  Plaintiff is well-aware that Civil Local Rule 7-9(a) requires him to obtain leave of court *before* filing a reconsideration request.  See Docket Item No. 91.  Plaintiff may not like the rule, but he cannot just ignore it.  See Carter v. Comm'r of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986) (stating that a pro se party is "expected to abide by the rules of the court in which he litigates.").

Second, Plaintiff's contention that he was denied due process when the court raised subject matter jurisdiction *sua sponte* is entirely misplaced.  Hernandez v. Campbell, 204 F.3d 861, 865 (9th

1  Cir. 2000) ("Federal courts are always under an independent obligation to examine their own
2  jurisdiction, . . . and a federal court may not entertain an action over which it has no jurisdiction."
3  (citations and internal quotations omitted)).  The court had to raise the issue even if the parties did
4  not.  See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004); see also Fed. R. Civ. P.
5  12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must
6  dismiss the action.").  Federal Rule of Civil Procedure 41(b) is irrelevant because it was not the
7  basis upon which the case was dismissed.

8      Third, Federal Rule of Civil Procedure 60(b) does not assist Plaintiff here.  He advances no
9  cognizable reason why the dismissal without prejudice should be set aside under that Rule.

10     Fourth, the court was not required to allow - or even consider - leave to amend the Complaint
11 under these circumstances.  Ex Parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without
12 jurisdiction the court cannot proceed at all in any cause.").  And any suggestion that the rules of
13 litigation should be loosely applied to Plaintiff's pleadings is entirely specious.  Although he is self-
14 represented, Plaintiff is not inexperienced.[1]

15     Accordingly, the Motion for Reconsideration is DENIED.  Plaintiff shall file no further
16 motions in this dismissed, closed case.[2]

18 **IT IS SO ORDERED.**

20 Dated:  June 18, 2014

                          EDWARD J. DAVILA
                          United States District Judge

---

[1] Indeed, this court is not the first to make the same observation.  See Sepehry-Fard v. Countrywide Home Loans, Inc., No. 13-cv-05769-BLF, 2014 U.S. Dist. LEXIS 81160, at *17-18, 2014 WL 2707738 (N.D. Cal. June 13, 2014).  ("Plaintiff is not a stranger to the federal court.  Contrary to his modest assertions, the Court views Plaintiff as a sophisticated pro se litigant based upon the numerous federal court cases he has filed over the years.").

[2] Plaintiff's "request for mandatory judicial notice" will not be considered because doing so is unnecessary.  See Docket Item No. 147.

United States District Court
For the Northern District of California